**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH VELLANO,

                Plaintiff,

- v -                                       Civ. No. 1:18-CV-944
                                                      (DNH/DJS)

THE STANDARD LIFE INSURANCE
COMPANY OF NEW YORK,

                Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

SALAZAR AND ERIKSON LLP                DANA L. SALAZAR, ESQ.
*Attorneys for Plaintiff*
573 Columbia Turnpike, Building 2
East Greenbush, NY 12061

PIERCE ATWOOD                                  BROOKS R. MAGRATTEN, ESQ.
*Attorneys for Defendant*
One Financial Plaza
Providence, RI 02930

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER OF SUBSTITUTION

Plaintiff Joseph Vellano, through his counsel Salazar and Erikson, LLP, commenced this action in New York State Supreme Court on July 11, 2018. Dkt. No. 2, Compl. The Complaint, *inter alia*, sought compensation for unpaid disability benefits under Defendant's group insurance policies provided for by his employee welfare benefit plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). The Defendant removed the case to Federal Court pursuant to 28 U.S.C. §§1441, *et seq.*, and asserts original jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. The Defendant then answered the Complaint and asserted a counterclaim. Dkt. No. 14. A

Uniform Pretrial Scheduling Order was issued on September 26, 2018, which called for completion of discovery by February 22, 2019. Dkt. No. 19.

Unfortunately, Mr. Vellano passed away on November 3, 2018. Dkt. No. 24. His counsel immediately notified the Court of the Plaintiff's death, and placed a suggestion of death on the record. Dkt. No. 24. Plaintiff's wife, Susan Penny Vellano, was appointed as a legal representative of the Estate of Joseph Vellano by the Surrogate's Court of the State of New York, on or about December 4, 2018. *Id.* She now moves, on consent, to be substituted into the case pursuant to FED. R. CIV. P. 25(a). *Id.*

The Federal Rules govern the procedure for substitution following a party's death, even where the court must apply state substantive law. *Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir. 1998). Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, substitution of parties in a civil action may be allowed upon the death of a named party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successors or representative. If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, under Rule 25(a)(1), substitution is proper when three elements are met: (1) the party sought to be introduced into the litigation is a "proper" one; (2) the motion is made in a timely manner; and (3) the claim asserted survives the death of the party and is not extinguished by that event.

As to the first criteria, the proper party is either "the successor of the deceased or the representative of his estate." *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). For purposes of substitution, a representative is determined by the forum state's law, and New York

defines "a representative [a]s a person who has received letters to administer the estate of a decedent . . . [and] is usually either the appointed administrator or executor of the decedent's estate." *Id.* Mrs. Vellano, as administratrix of the Estate of Joseph Vellano, is therefore the proper party to make the present Motion for Substitution.

Next the Motion for Substitution is timely, as it was filed simultaneously with the Suggestion of Death. Dkt. No. 24.

The final issue to be determined is whether the Plaintiff's federal and state law claims survive Mr. Vellano's death. The Court finds that it does. "[U]nder federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature." *Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 67 (W.D.N.Y. 1997). "It is well established that Congress intended ERISA to be remedial. . . Plaintiff's ERISA claim therefore survives the death of [the party]. *Hardy v. Kaszycki & Sons Contractors, Inc.,* 842 F. Supp. 713, 718 (S.D.N.Y. 1993); *see also* 29 U.S.C. § 1001(b) ("It is hereby declared to be the policy of this chapter to protect ... the interests of participants in employee benefits plans."); *accord Natale v. Country Ford, Ltd.*, 287 F.R.D. 135, 136 (E.D.N.Y. 2012) (granting motion for substitution in an ERISA case).

**WHEREFORE**, it is hereby

**ORDERED**, that Susan Penny Vellano's Motion to Substitute (Dkt. No. 24) herself, as Admistratrix, for her deceased husband Joseph Vellano, as the Plaintiff in this action, is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court shall substitute Susan Penny Vellano, as the Plaintiff on the docket for purposes of pursuing Plaintiff Joseph Vellano's claims in her capacity as

Administratrix of the Estate of Joseph Vellano; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order of Substitution upon the parties to this action.

**IT SO ORDERED**.

Date: December 19, 2018
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge